IN RE BUTTERFIELD.

PATENTS; ANTICIPATION; MECHANICAL SKILL.

1. *Quære,*—whether a statement of the mode of construction of a shoe having a rubber sole vulcanized to it can be considered a process.
2. It being old to vulcanize a rubber sole to the outer leather sole of a shoe, and old to vulcanize a rubber sole to the inner sole, there is no invention in vulcanizing a rubber sole directly to the inner sole of a particular kind provided with a welt.
3. Where a prior patent shows a rubber sole vulcanized to the inner sole with an interposed layer of rubber-coated cloth, the omission of the cloth does not involve invention, but mere mechanical skill.          *

No. 243.   Patent Appeals.   Submitted November 20, 1903.   Decided January 5, 1904.

HEARING on an appeal from the decision of the Commissioner of Patents rejecting an application for a patent.   *Affirmed.*

The facts are sufficiently stated in the opinion of the court.

*Mr. W. H. Doolittle, Mr. A. H. Spencer,* and *Mr. F. A. Spencer* for the appellant.

*Mr. John M. Coit* for the Commissioner of Patents.

Mr. Justice MORRIS delivered the opinion of the Court:

This is an appeal from the refusal of the Commissioner of Patents to issue letters patent of the United States to George F. Butterfield for a certain alleged invention in the manufacture of boots and shoes by a combination of leather and rubber, as described in the three following counts:

"1. As an improved article of manufacture, a leather boot or shoe provided with a rubber outer sole secured by vulcanization directly to the under surface of the inner sole and welt, whereby the usual leather outer sole is dispensed with, and the rubber sole takes firm hold of and conforms to every inequality of the lasted shoe-bottom, the seam being embedded in and covered by the rubber during vulcanization, substantially as set forth.

"2. The improved boot or shoe described, having a rubber outer sole vulcanized directly upon the under surface of the leather insole and welt, covering and adhering to the fastenings which unite them to the upper, and filling the interstices thereof, substantially as set forth.

"3. The described method of making rubber-soled leather boots and shoes, consisting in first lasting the boot or shoe body in the usual way, whereby the inner sole and welt are firmly secured to the upper and lining; then applying to the bottom of such lasted shoe-body an outer sole of vulcanizable rubber compound and holding the shoe firmly thereon, and afterward vulcanizing the rubber while its plastic surface is so pressed against and caused to conform to the irregularities of the unfinished bottom, its fastening-seam being thereby embedded in and covered by the rubber, substantially as set forth."

The application was rejected on account of anticipation of the invention by five other persons to whom patents had been issued, one in England, and four in the United States, among the latter of whom was the applicant himself. The patents cited as references were these:

1. One to Elliott of October 9, 1866, No. 58,623.
2. One to Flynn of November 2, 1869, No. 96,412.
3. One to West of April 14, 1885, No. 315,869.
4. One to Butterfield of March 5, 1889, No. 399,130.
5. One to Douglas (British) No. 7,631, of 1886.

We find no good reason for refusal to concur in the conclusion reached by the Commissioner of Patents and the other tribunals of the Patent Office. The process claimed in the third count, if it can be regarded as a process at all, and not as a statement of the mode of construction of the article described in the first and second counts, has plainly been anticipated in all the patents cited, and especially in the patent of March 5, 1889, to the applicant himself, and in the British patent to Douglas. We do not think that the claim of this count can be seriously insisted on. Certainly it is not tenable.

The first and second counts do not substantially differ: they describe the same article of manufacture; and we do not think that there is any patentable novelty in the article. The feature which distinguishes it from the invention for which a patent was granted to the applicant himself in 1889, is the absence of an outer leather sole from the shoe and the application of the rubber directly to the inner sole; but this was done by Douglas in his British patent of 1886. It is true that in this British patent a cloth is interposed between the inner sole of leather and the outer sole of rubber; but this interposed cloth is itself rubber-coated and adapted to adhere to the inner sole in the process of vulcanization. From the method of Douglas to that of the applicant there would seem to be occasion merely for the ingenuity of the skilled mechanic, and not for the inventive faculty of the inventor.

Reference is made to the existence of a welt as part of the ap-

plicant's invention; but we fail to see any patentable novelty in the use of the welt, which was already a common feature in the manufacture of boots and shoes.

We think that the Commissioner of Patents was right in his judgment, and that the judgment should be affirmed.

The clerk of the court will certify this opinion, and the proceedings in this court in the premises, to the Commissioner of Patents according to law.                                    *Affirmed.*